## WHITNEY *v.* PIERCE.

Before an auditor, neither party is entitled to fees as a witness, whether testifying in his own favor or for his adversary ; and neither party can properly refuse to testify when interrogated by the auditor or by counsel by permission of the auditor, because his testimony will favor the adverse party, nor because his fees have not been paid.

Chapters 1952 and 2090, Pamphlet Laws, making parties witnesses, do not repeal the laws relating to auditors, nor do they modify or in any way affect any of its provisions.

THIS is an action brought by Kimball Whitney against Joel Pierce. At a former term an auditor had been appointed, to state the account between the parties, who at this term reported to the court that he notified the parties of the time and place of hearing ; that both parties attended, with their counsel, at said time and place, and that the defendant, by advice of his counsel, and because he had not been duly summoned and paid as a witness, neglected and refused to answer, on oath, pertinent and material interrogatories relating to the matter in controversy. The interrogatories were evidently pertinent and material. The defendant offered affidavits to impeach the auditor's report, but they proved it to be substantially correct. The defendant moved to recommit the report ; but the court overruled the motion, and ordered judgment to be rendered against the defendant, as upon default, and the defendant excepted.

*Blair*, and *Pike & Barnard*, for the plaintiff.

*Clark*, for the defendant.

SARGENT, J. Chapter 189, Revised Statutes, provides for the appointment of auditors in certain cases, prescribes their duties, and provides that they may hear the parties and make report. The questions raised in this

case seem to depend upon sections 6 and 7 of said chapter, which are as follows :

" SECTION 6. If either party shall neglect or refuse to appear before the auditor, or to render an account, or to produce such books and papers and to answer on oath such interrogatories relating to the matter in controversy as may be pertinent and material, the auditor shall certify the same to the court.

" SECTION 7. The court shall thereupon render judgment against such party, as upon nonsuit or default, and, if necessary, cause the damages to be assessed by the jury."

In this case the defendant was called upon to testify upon some points pertinent and material to the matter in issue, but declined to testify, because he had not been summoned and paid as a witness. We understand from the case that the inquiries were made of the defendant by the auditor, or by his permission and consent. Was the defendant thus entitled to be summoned and paid as a witness before it became his duty to testify? It may have been supposed that this case was analogous to that of a debtor summoned to appear and answer on oath all inter- rogatories respecting the possession, transfer, or other disposition of such note, as is disclosed by the trustee to have been made by him, and given to such debtor, under sections 18, 19 and 20 of chapter 208 of the Revised Stat- utes ; in which case it has been held that the debtor was not only entitled to costs, when he comes in thus to dis- close, but that the rule or order of the court is in the nature of a subpœna or summons to a witness, and that the court would not exercise their power, either to compel his attendance by issuing a capias, or to compel him to testify after appearance, unless it should appear that his fees as a witness had been paid or tendered. *Hurd* v. *Fogg,* 32 N. H. 98. Or it may more probably have been supposed that this case was like the case of a party to a suit being compelled by his adversary to testify under the

provisions of chapter 1952, Pamphlet Laws, which allow parties to testify in certain cases, in which case we have held, in *George* v. *Starrett*, (*post* page, 135) that the party was entitled to his fees, like any other witness. But by that statute certain rights are conferred upon the parties. Either party has the right to testify, if he so choose; and there is no discretion to be exercised by the court, if the party is within the provisions of the law. So he has the right to compel his adversary to testify, and that is not a matter within the discretion of the court.

But the statute in relation to auditors does not have any such effect. It does not confer the right upon either party to testify in his own favor, nor to compel his adversary to testify. The parties usually do both testify before the auditor, yet he has the right, when either offers himself, either to hear him or to refuse to do so, as he thinks will best subserve the ends of justice, and the court will never set aside his report for such cause, unless it appear that injustice has been done. The auditor has authority to examine the parties, either or both of them, on oath, if he thinks proper, or he may refuse to hear either of them. To be sure, the law does not, in form, confer the right upon the auditor to compel either party to testify, by authorizing him to issue process for contempt in case of refusal, but it does what amounts substantially to the same thing, in providing that, if either party shall refuse to answer, the auditor shall certify that fact to the court, and the court shall thereupon order judgment, as on default or nonsuit. Whenever the auditor deems it proper to make such examination of either or both of the parties, or allows it to be done by the counsel on either side, it has never been held that the auditor, or anybody else, was expected to pay such party as a witness before it became his duty to testify. The powers and duties of auditors, and the rights and liabilities of the parties under the statute authorizing the appointment of auditors, are

---

fully considered and stated in our own Reports. *Stevens* v. *Hall,* 6 N. H. 508; *Fuller* v. *Little,* 7 N. H. 355; *Smith* v. *Smith,* 27 N. H. 244; *King* v. *Hutchins,* 28 N. H. 561.

Nor is it understood that chapter 1952, or chapter 2090, Pamphlet Laws, making parties witnesses in certain cases, repealed or superseded the statute in relation to auditors, or modified or in any way affected any of its provisions.

*Exceptions overruled.*